WILLIAM MANN CO. v. HOFFMAN.

(Circuit Court, N. D. Illinois, N. D.    June 6, 1899.)

No. 24,683.

PATENTS—INVENTION—PERPETUAL LEDGERS.
    The Leslie patent, No. 581,123, for an improvement in temporary binders, commonly known as "perpetual ledgers," is void as to claims 8 to 13, inclusive, for want of patentable invention.

This was a suit in equity by the William Mann Company against one Hoffman for alleged infringement of a patent.

John Howard McElroy, for complainant.

Jones & Strong, Charles D. Sturtevant, and Taylor E. Brown, for defendant.

KOHLSAAT, District Judge.    This is a suit for the alleged infringement of letters patent No. 581,123, granted April 20, 1897, for an improvement in temporary binders, commonly known as "perpetual ledgers."    The claims relied on by complainant in its pleadings and proofs are Nos. 8 to 13, inclusive.    Claims 9, 10, and 11, when taken alone, lack an important ingredient to make the device operative, i. e. some mechanism for holding the backs tightly compressed against the material inserted between them.    By reference to the file wrapper and contents, it seems that the examiner considered the specification that the posts, which were rigidly attached to the respective covers, should be "permanently" connected with each other, as essential to the novelty of the combination, in view of the previous Strauss and Morehouse devices.    While more than two posts are covered by the terms of these claims, yet the wording implies that each post used should co-operate with corresponding notched portions of the sheets between the covers.    The connecting pieces of the locking mechanism are not "posts" in this sense.    Patentee Leslie had, more than two years prior to the filing of the application for the patent in suit, constructed a binder, which he styled a "perpetual ledger," in which he combined a locking mechanism similar to the one in suit with the old idea of hollow metal posts attached to one cover, and perforating the sheets between the covers, into which posts fit metal projections, attached to the opposite cover.    In claims 8, 12, and 13 of the patent in suit, he combines the same locking mechanism with the Strauss idea of notching the edges of the sheets, to co-operate with posts at either side of the binder covers, so that any sheet may be removed, without disturbing the other sheets, by simply releasing

the pressure of the covers, and yet will be held firmly in place when the sheets are compressed between the covers. Claim 13 covers this combination alone, but in claims 8 and 12 patentee provides, as an addition thereto, that the connecting pieces or posts should be "permanently," but loosely, connected with their co-operating pieces or posts. Complainant insists that the devices for preventing the separation of the posts need not, of necessity, under the claims of the patent, be attached to, or a part of, the posts, which engage the notches in the sheets, but that the claims cover any device, in whatever part of the binder, as a whole, which prevents these posts from separating from each other. Defendant's device, which accomplishes this purpose, is located in the lock.

In view of the prior state of the art, I am convinced that the combination of the old Leslie locking mechanism, with notched edges and posts co-operating therewith, covers nothing more than intelligent mechanical selection, and is but an aggregation, and that the general claim of all possible means for preventing separation of the posts is invalid. The evidence impresses me as establishing the fact that defendant borrowed from Leslie the distinguishing features of his device, and, if I found the Leslie claims valid, I should hold defendant's device an infringement; but, as I am of the opinion that the claims relied upon by complainant are invalid, as lacking the quality of invention, the bill will be dismissed for want of equity.